# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL ANGELO GILLIS, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 4:11-CV-1814 CAS |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Michael Angelo Gillis's pro se motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct sentence ("Motion to Vacate"). The government responded to the motion by filing a motion to dismiss. Movant did not respond to the government's motion, and the time for doing so has passed. For the following reasons, the Court grants the government's motion to dismiss.

## *I. Background*

On November 3, 2006, movant entered a guilty plea in the Superior Court of the District of Columbia for unauthorized use of a vehicle, a felony. On or about May 25, 2007, the Honorable Lynn Leibovitz sentenced movant to a term of thirty-six months imprisonment to be followed by a period of three years of supervised release under the jurisdiction of the United States Parole Commission.

Movant was released from imprisonment in 2010, and resided in the Eastern District of Missouri during at least part of his period of supervised release.[1] Sometime in late 2010, movant was

---

[1]When District of Columbia felony prisoners are on supervised release, they are supervised by the United States Probation Office in the district where they live after release. 28 C.F.R. § 2.84.

arrested on state charges in Missouri for theft and driving while intoxicated. Movant was released by state authorities and taken into federal custody for violating the terms of his supervised release. On June 21, 2011, a hearing was conducted by the United States Parole Commission. The hearing was held in St. Louis, in the Eastern District of Missouri. On August 5, 2011, the United States Parole Commission issued a decision revoking movant's supervised release based on its finding that movant had two new violations of law. The United States Parole Commission ordered movant to serve a new term of imprisonment of twenty-four months. Movant appealed that decision to the United States Parole Commission National Appeals Board (hereinafter "National Appeals Board").

On October 17, 2011, while confined in the City Jail in Jennings, Missouri, and awaiting a decision from the United States Parole Commission National Appeals Board, movant filed a pro se petition in this Court under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody.[2] Doc. 1. Movant challenged "both the authority and the judgment" entered by the Federal Probation Office and the Parole Commission. He alleged that he was "on 'Supervised Release' from FBOP" and that "his constitutional due process rights were violated by the [Federal Probation Office and the United States Parole Commission] via the [Federal Probation Office and the United States Parole Commission] deciding his (setoff) new sentence without a Court judge in the process of [his] revocation of supervised release." Id. at 1. He further stated in his § 2255 motion that "[t]his is my first petition/motion filed in any Court concerning this predicament of mine." Id.

On November 14, 2011, the National Appeals Board affirmed the decision by the United States Parole Commission to revoke movant's supervised release and impose a new term of

---

[2]Movant did not file his motion on a court-provided form.

imprisonment. The National Appeals Board stated as its reasons for affirming the United States Parole Commission's decision that: (1) there was sufficient information to find that movant committed the two new law violations; (2) the decision above the guidelines was warranted; and (3) the hearing officer offered to continue the hearing to allow movant to obtain counsel, but movant agreed to go forward without counsel. Doc. 17, Ex. 4.

On December 20, 2011, pursuant to this Court's December 14, 2011 Order, movant filed an amended § 2255 motion on the court-provided form. In his amended motion, movant denied "having previously filed any other motions, petitions, or applications concerning the judgment of conviction." Doc. 5 at 2. Movant did not refer to the decision of the National Appeals Board affirming his revocation.

In movant's amended motion, which supercedes his original motion, movant asserts the following four grounds for relief:

Ground One: Movant was denied the right to have an attorney present at his revocation hearing;

Ground Two: Movant was entitled to have a judge, not the United States Parole Commission, determine whether to revoke his supervised release;

Ground Three: The United States Parole Commission relied upon evidence obtained pursuant to an unlawful arrest; and

Ground Four: The United States Parole Commission incorrectly classified his violations as they relate to his future release date.

Movant is confined outside the Eastern District of Missouri. Court filings indicate that after filing his amended §2255 motion, movant was moved to a federal facility in Oklahoma City, Oklahoma, and then to a federal facility in Petersburg, Virginia.

## II. Discussion

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek relief from a sentence on grounds "that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). To obtain relief under § 2255, movant must establish a violation constituting "a fundamental defect which inherently results in a complete miscarriage of justice ." United States v. Gomez, 326 F.3d 971, 974 (8th Cir.2003) (quoting United States v. Boone, 869 F.2d 1089, 1091 n. 4 (8th Cir.1989)). The Supreme Court has stated that "a collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165 (1982).

"A § 2255 motion 'can be dismissed without a hearing if (1) the [movant]'s allegations, accepted as true, would not entitle the [movant] to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" Sanders v. United States, 341 F.3d 720, 722 (8th Cir. 2003) (quoting Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995)).

A § 2255 motion must be filed in "the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. §2255(a). In other words, motions under § 2255 must be brought in the district court where the movant was sentenced. United States v. Hayman, 342 U.S. 205, 219 (1952); Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000). This Court has never sentenced movant or held any proceeding of any kind concerning him and, therefore, it does not

4

have authority under 28 U.S.C. § 2255 to review movant's Motion to Vacate.[3] As this Court lacks jurisdiction to hear movant's motion, it will dismiss, without prejudice, movant's Motion to Vacate pursuant to 28 U.S.C. § 2255.[4]

The Court also declines to convert movant's § 2255 Motion to Vacate into an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, as the Court would not have the authority to review such a motion. Generally, a motion pursuant to § 2241 is properly filed in the district of incarceration. Bell v. United States, 48 F.3d 1042, 1043 (8th Cir. 1995). See also United States v. Chappel, 208 F.3d 1069, 1069-70 (8th Cir. 2000) (per curiam) (§ 2241 petition must be brought in district of incarceration, District of Columbia, or district in which Bureau of Prisons maintains regional office).[5] The Supreme Court has instructed that, with certain narrowly-defined exceptions, "the proper respondent [in a § 2241 habeas case] is the warden of the facility where the prisoner is being held." Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004). See also Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 494-95 (1973) ("writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody."). Consequently, a court may issue a writ of habeas corpus only if it has jurisdiction over the prisoner's custodian. Braden, 410 U.S. at 494-95. In accordance with Supreme Court law, the Eighth Circuit

---

[3]To the extent movant is challenging his original sentence, movant's exclusive remedy is not under 28 U.S.C. § 2255, but rather movant must file a motion pursuant to D.C. Code § 23-110, in the Superior Court of the District of Columbia – the court that sentenced him. See Byrd v. Henderson, 119 F.3d 34, 36-7 (D.C. Cir. 1997).

[4]The Court further notes that there are a number of other defects in movant's Motion to Vacate that would preclude review of the motion, including that a motion challenging the 2007 sentence would be untimely under the Antiterrorism and Effect Death Penalty Act of of 1996 ("AEDPA"). See 28 U.S.C. § 2255(f).

[5]The Bureau of Prisons does not maintain a regional office in the Eastern District of Missouri.

has consistently held that a § 2241 habeas petition must be filed in the judicial district where the prisoner's current custodian is located. See, e.g., Copley v. Keohane, 150 F.3d 827, 830 (8th Cir. 1998); Dyer v. United States, 23 F.3d 1424, 1426 (8th Cir. 1994); United States v. Hutchings, 835 F.2d 185, 187 (8th Cir. 1987).

Movant's last known address was in a federal correctional facility in Petersburg, Virginia. Therefore, movant's custodian is outside the jurisdiction of the Eastern District of Missouri. The Court lacks the authority to review a § 2241 motion in this case.

### *III. Conclusion*

This Court lacks jurisdiction to grant the relief movant requests in his § 2255 Motion to Vacate. Furthermore, the Court declines to convert movant's Motion to Vacate into an application for a writ of habeas corpus pursuant to § 2241, because this Court would also lack jurisdiction to decide such a claim.

Accordingly,

**IT IS HEREBY ORDERED** that respondent's motion to dismiss for lack of jurisdiction is **GRANTED.** [Doc. 17]

**IT IS FURTHER ORDERED** that movant Michael Angelo Gillis's motion and amended motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody are **DISMISSED, without prejudice.** [Docs. 1 and 5]

**IT IS FURTHER ORDERED** that movant's motion to delay transfer is **DENIED as moot.** [Doc. 8]

An appropriate Order of Dismissal will accompany this Memorandum and Order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this   31st   day of March, 2015.